**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA, ex rel.  )
DIANA MARMORSTEIN     )
c/o GOODWIN WEBER PLLC   )
267 Kentlands Blvd. #250     )
Gaithersburg, MD 20878     )
               ) Case No.
   Plaintiff-Relator,   )
               ) 19 CV 823
BRINGING THIS ACTION ON BEHALF )
OF THE UNITED STATES OF AMERICA ) **FIRST COMPLAINT** filed
               ) **Under Seal** pursuant to 31
               ) U.S.C. § 3730(b)(2)
               )
c/o             )
ROBERT K. HUR       )
UNITED STATES ATTORNEY   ) **JURY TRIAL DEMANDED**
United States Attorney's Office   )
36 S. Charles Street 4th Fl.    )
Baltimore, MD 21201     )
               )
               )
and            )
               )
ATTORNEY GENERAL OF    )
THE UNITED STATES      )
U.S. Department of Justice     )
10th and Constitution Ave, NW   )
Washington, D.C. 20530     )
               )
   v.         )
               )
AMAZON.COM, INC.      )
410 Terry Ave.        )
North Seattle, WA 98109-5210   )
               )
FEELGOOD NATURAL HEALTH STORES )
317 Brock St South Whitby    )
Ontario Canada L1N4K3     )
               )
NATURAL VITAMIN DIRECT   )
106-2999 Underhill Avenue    )
Burnaby, BC, Canada V5A 3C2   )
               )

CONFIDENTIAL

**DISCLOSURE STATEMENT MADE PURSUANT TO THE FALSE CLAIMS ACT, 31
U.S.C. § 3729 ET. SEQ., ON BEHALF OF RELATOR DIANA MARMORSTEIN**

**THIS DOCUMENT IS PROTECTED FROM DISCLOSURE BY STATUTE AND THE
COMMON INTEREST PRIVILEGE AND MAY ALSO BE PROTECTED FROM
DISCLOSURE BY COURT ORDER. NO DUPLICATION OF TRANSMISSION OF
THIS DOCUMENT SHOULD OCCUR WITHOUT FIRST CONTACTING RELATOR'S
COUNSEL, KOHN, KOHN & COLAPINTO, LLP AT 202-342-6980, AND GOODWIN
WEBER PLLC AT 301-850-3370.**

# <u>Seal Oil Disclosure Statement</u>

Submitted by:

Stephen M. Kohn
Kohn, Kohn and Colapinto, LLP
3233 P Street, N.W.
Washington, D.C. 20007
(202) 342-6980
Email: sk@kk.com

David P. Weber
Goodwin Weber PLLC
267 Kentlands Blvd. #250
Gaithersburg, MD 20878
(301) 850-3370
Email: david.weber@goodwinweberlaw.com

Sarah Khan
Legal Fellow
National Whistleblower Center

**3238 P Street, N.W.**
**Washington, D.C. 20007**
**(202) 448-2980**
**Email: sarah.khan@whistleblowers.org**

**March 18, 2018**

Dear Honorable Attorney General, Deputy Director, Assistant Secretary, and Commissioners:

Pursuant to 31 U.S.C. § 3730(e)(4)(B), on behalf of our client Diana Marmorstein, Ph.D, the Chief Executive Officer of Harpseals.org, we hereby voluntarily provide the following information to the United States Government and request a full investigation into the willful and notorious violations of the Marine Mammal Protection Act and related laws as set forth in this letter.

Our client has direct information that a number of companies are illegally importing into the United States and selling seal oil in violation of the False Claims Act (FCA), Marine Mammal Protection Act (MMPA), the Endangered Species Act (ESA), the Lacey Act, the Food, Drug, and Cosmetic Act (FDCA), U.S. customs laws, and various federal regulations. These companies include FeelGood Natural Health Store, eHealthCare, Natural Vitamin Direct, Canada Prod., and Maplelife Nutrition. These companies are using the services of Amazon.com, Inc., which is aiding and abetting these violations and otherwise violating the FCA and related statutes, without which, the products would not be sold, or widely sold, in the United States [hereinafter, all of the aforementioned groups shall be referred to as the "Defendants"].

Based on these violations the Defendants are also making false statements, and knowingly concealing information from the United States in order to avoid or decrease various obligations to pay money to the United States, in violation of the False Claims Act.

These violations are particularly egregious as the aforementioned statutes were designed to protect seals and other endangered and threatened animals from systematic abuse. The United States has prosecuted similar cases in the past, and the evidence set forth herein should be considered conclusive as to these violations.

CANADA PROD.          )
5 Park Home Avenue          )
Toronto, Ontario, Canada M2N 6L4          )

MAPLELIFE NUTRITION          )
3681 McNicoll Ave          )
Scarborough, ON M1X 1C3, Canada          )

EHEALTHCARE          )
                    )
          Defendants.          )
                    )

GJH 19 CV 823

### FIRST COMPLAINT

This is a *qui tam* action under 31 U.S.C. § 3729, *et seq.* of the False Claims Act filed by Relator/Plaintiff Diana Marmorstein, in the name of the United States Government and herself to recover penalties and damages arising from Defendants' (Amazon.com, Inc. *et al.*) violations of the False Claims Act, Endangered Species Act, Lacey Act, Marine Mammal Protection Act, The Food, Drug, and Cosmetic Act, several customs law, as well as various federal regulations.

### 1.   THE PARTIES INVOLVED

1. Relator Diana Marmorstein is a United States citizen and resides at 13010 Snowview Road Victorville, California 92392. She is the CEO of the non-profit organization Harpseals.org with mailing address P.O. Box 795, Victorville, CA 92393.

2. Defendant Amazon.com, Inc. is an American electronic commerce and cloud computing corporation with its headquarters located on 410 Terry Ave. North Seattle, WA 98109-5210. Amazon.com hosts multiple listings for seal oil capsules and also ships seal oil capsules to and in the U.S. from various Canadian sellers.

3. Defendant FeelGood Natural Health Stores is a Canadian health food and supplement store located on 317 Brock St South Whitby, Ontario Canada L1N4K3. FeelFood Natural Health Stores sells seal oil capsules to buyers in the U.S.

4. Defendant eHealthCare is a Canadian online health, baby, and beauty store that delivers all of its products through Amazon.com, Inc. We were unable to find a direct company website or its headquarters location. eHealthCare sells seal oil capsules to buyers in the U.S.

5. Defendant Natural Vitamin Direct is a Canadian online store that participates in manufacturing, export declaration, document assistance, wholesale distribution, and direct mail order service. It is headquarters is located on 106-2999 Underhill Ave. Burnaby, BC, Canada V5A 3C2. Natural Vitamin Direct sells seal oil capsules to buyers in the U.S.

6. Defendant CanadaProd. is a Canadian online store that sells health products. Its headquarters is located in 5 Park Home Avenue, Toronto, Ontario, Canada M2N 6L4. CanadaProd. sells seal oil capsules to buyers in the U.S.

7. Defendant Maplelife Nutrition is a Canadian manufacturer and supplier of health supplements located on 681 McNicoll Ave, Scarborough, ON M1X 1C3, Canada. Maplelife Nutrition sells seal oil capsules to buyers in the U.S.

## II. **JURISDICTION AND VENUE**

1. Plaintiff-Relator Diana Marmorstein ("Relator") hereby alleges causes of action under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3729, *et seq.*, arising from the Defendants' actions to defraud agencies of the United States government, including but not limited to, the U.S.

2. The Plaintiff-Relator has not made any public disclosures of the allegations contained herein at any time prior to the unsealing of the original complaint.

3. Pursuant to the requirements of 31 U.S.C § 3730(b), Plaintiff-Relator has voluntarily

6

provided the federal government with a written disclosure statement, containing substantially all of the allegations made herein.

4. Plaintiff-Relator is an original source of all the allegations contained herein as defined by the False Claims Act, 31 U.S.C. § 3730(e)(4)(B), she has direct and independent knowledge of the information contained herein and she has voluntarily provided such information to the government prior to bringing this action.

5. Jurisdiction over all stated causes of action is conferred upon this Court by 31 U.S.C. § 3729 and 3732 and 28 U.S.C. § 1331 and 1345, in that this action arises under the laws of the United States.

6. Plaintiff-relator, as a U.S. citizen, is authorized by 15 U.S.C § 1540(g)(1)(A) to enjoin any person who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof and by 15 U.S.C § 1540(g)(1)(B) to compel the Secretary to apply, pursuant to section 1535(g)(2)(B)(ii) of this title, the prohibitions set forth in or authorized pursuant to section 1533(d) or 1538(a)(1)(B) of this title with respect to the taking of any resident endangered species or threatened species within any State.

7. Jurisdiction is proper pursuant to 15 U.S.C § 1540(g)(1)(C). District courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce any such provision or regulation, or to order the Secretary to perform such act or duty, as the case may be. In any civil suit commenced under subparagraph (B) the district court shall compel the Secretary to apply the prohibition sought if the court finds that the allegation that an emergency exists is supported by substantial evidence.

8. Venue is proper in the United States District Court for Maryland pursuant to 28 U.S.C. §

1391(b) and (c) and 31 U.S.C. § 3732, because this Court has jurisdiction over at least one Defendant who can be found in, resides, transacts business, or has performed acts proscribed by 31 U.S.C. § 3729 in Maryland, and the False Claims Act provides for nationwide jurisdiction of such claims under 31 U.S.C. § 3732(a). Each Defendant also caused false claims to be made or falsely certified in this jurisdiction.

9.  Plaintiff-Relator has complied with all conditions precedent to bringing this action.

### III. <u>STATEMENT OF FACTS</u>

1.  The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2.  Relator Diana Marmorstein, Ph.D, is the CEO of Harpseals.com. Over the course of her work, she and her organization came across multiple vendors selling seal oil products on Amazon.com, Inc., in violation of the False Claims Act, Endangered Species Act, Lacey Act, Marine Mammal Protection Act, The Food, Drug, and Cosmetic Act, several customs law, as well as various federal regulations.

### <u>Seal Oil Market</u>

3.  Seal oil comes from the blubber of seals. Several different species of seals including bearded seals, grey seals, harbor seals, and harp seals, hooded seals, northern fur seals, and ringed seals are hunted for this commodity.[1]

4.  Seal oil has significant international demand because it contains omega-3 fatty acids, which can lower cholesterol levels and minimize arthritic symptoms.[2] Seal oil is commonly consumed in the form of seal oil dietary supplement capsules.[3]

---

[1] *Identify a Species*, DEPARTMENT OF FISHERIES AND OCEANS CANADA, *available at* http://www.dfo-mpo.gc.ca/fm-gp/seal-phoque/species-especes/index-eng.html.

8

5. Consuming seal oil can be dangerous if it is not sufficiently purified because seal blubber contains high level of toxins, which accumulate in seal fat through their ingestion of smaller fish.[4] These smaller fish contain high levels of industrial chemicals and synthetic pesticides due to water pollution.[5] In spite of the dangers of seal oil capsules, the seal oil market is thriving.

6. Although it is illegal to import seal oil into the United States, Defendants have multiple listings on Amazon.com and are available to mail packages within days to all 50 states.

7. Customers who appear to be based in the United States from their online profiles have reviewed seal oil purchases made through Defendant's listings on Amazon.com product pages. Many of their purchases are "verified purchases."

8. Amazon.com handles the verification process. When an online review on a listing has a label indicating that the sales transaction is a "verified purchase," it signifies, in pertinent part, that Amazon.com is stating that the product purchased was in fact bought on their website by the "verified purchaser" who is leaving the rating. Many verified reviews come from those who have purchased the product in the United States, as set forth in the attached Exhibits to this Complaint. *See* Exhibit 3.

9. Amazon.com has a feature that allows both the website and/or the seller company to prevent products from being shipped to particular locations; it has not been utilized by Defendants to prevent the illegal sale of seal oil capsules to and in the United States. *See* Exhibit 4.

---

[2]*See Heart Health: Seal Oil,* COSTCO PHARMACY,
https://costcopharmacy.ca/HealthCentre.aspx?TableID=39&ItemID=86&channel_id=41&section_id=141
3.
[3] *Seal Oil: The Other Seal Product,* HARPSEALS.ORG, *available at*
https://www.harpseals.org/about_the_hunt/oil.php.
[4] *Id.*
[5] *Id.*

10. Amazon.com has products that require pre-approval before they can be sold on their platform. Seal oil capsules do not appear to require pre-approval. *See* Exhibit 4.

11. Amazon.com has restricted products, which are absolutely prohibited from being sold on the website. *See* Exhibit 5.

12. Amazon.com has restricted the sale of animal-based products from animals that are federally listed as endangered or threatened, as well as those that violate the Lacey Act. Seal Oil capsules are openly being sold in violation of those sale policies. *See* Exhibit 6.

13. However, as set forth in *infra*, it is clear that Amazon does not have appropriate controls to enforce its own policies, as these substances are being sold extensively throughout Amazon.com.

14. Amazon.com offers a service called "Fulfillment by Amazon" (FBA) whereby companies list their products on Amazon.com, and Amazon.com stores the items in its warehouses until they are sold, at which point Amazon.com handles labeling, shipping, and delivering the items to customers. *See* Exhibit 7.

15. Amazon.com fulfills seal oil capsule orders to and in America for FeelGood Natural Health Store. *See* Exhibit 8.

16. Defendants, as a matter of law, must have knowingly and falsely labeled seal oil capsule imports as well as failed to properly declare them to Customs agents so that they might illegally import, transport, and sell seal oil capsules in the United States.

17. Defendants, as a matter of law, must have knowingly and falsely labeled importation and customs documents, and as a result, have been able to smuggle illegal goods, namely, seal oil capsules, into the United States and profit off the illegal enterprise.

## Amazon.com & Seal Oil Capsule Sellers

18. Seller FeelGood Natural Health Store sold "Bill Natural Sources Seal" capsules in several different listings to American buyers. *See* Exhibits 2, 8 attached hereto.

19. FeelGood Natural Health Store listings include multiple claims that seal oil capsules cannot be shipped to the United States; one is included in the photos of the actual product a second is listed in the "About the product" section, and a third is listed in the "Product Description" section. *See* Exhibits 9-11.

20. "Willy Su," an Amazon user who left a review for a seal oil capsule verified purchase completed through FeelGood Natural Health Store on July 11, 2015, indicated in the Amazon.com "Questions and Answers" section of the web page for the seal oil capsule that she or he purchased the capsules and successfully shipped them to San Francisco, California. *See* Exhibit 12.

21. "E. Lewis," an Amazon user who left a review for a seal oil capsule verified purchase completed through FeelGood Natural Health Store on December 15, 2016, has her or his location listed as Purchase, New York. *See* Exhibit 13.

22. "J. Yu" an Amazon user who left a review for a seal oil capsule verified purchase completed through FeelGood Natural Health Store on June 12, 2017 has her or his location listed as San Diego, California. *See* Exhibit 14.

23. "T. Smith," an Amazon user from Lakewood, Washington, left a review for a seal oil capsule verified purchase fulfilled by FeelGood Natural Health Store on May 31, 2017, that clearly states, "Seal oil from all seals, and any other marine mammal product, are illegal to import into the U.S." *See* Exhibit 15.

24. Seller eHealthCare sold "Bill Seal Oil Omega-3" seal oil capsules in several different listings to American buyers. *See* Exhibit 16.

25. In the "Questions and Answers" section of one of their listings, eHealthCare stated on April 16, 2018, that they do ship to the United States via DHL. *See* Exhibit 17.

26. Amazon user "DB" left a review on an eHealthCare fulfilled seal oil capsule purchase that clearly states, "This is illegal!" in reference to the sale of seal oil capsules to the United States. *See* Exhibit 18.

27. Seller Natural Vitamin Direct sold "Vita/Viva Naturals" seal oil capsules on Amazon.com to American buyers. *See* Exhibit 19.

28. Several reviews left on Natural Vitamin Direct fulfilled seal oil capsule listings clearly state that it is illegal to sell seal oil to the United States. They include a review by "Amazon Customer" left on February 20, 2017 that states, "ILLEGAL!! CRUEL," and another review left by "lixiaoyang" on August 24, 2016 that states, "ILLEGAL." "Amazon Customer" left a review on a Natural Vitamin Direct fulfilled listing that stated that he or she would no longer buy Viva Natural and Vita/Viva products, "when [he/she"] became aware that this company is doing this cruel and illegal (in many countries) practice to seals!!!!!" A review left by "Liza alexis" left on August 18, 2016, on a seal oil listing fulfilled by Natural Vitamin Direct states, "Hello this is illegal to sell or purchase!!" *See* Exhibits 20-21.

29. Amazon user "Seal Wolf" left a review for a seal oil capsule verified purchase fulfilled through a Natural Vitamin Direct listing on April 1, 2014, praising the benefits of seal oils capsules for her or his Siberian Husky. The user has her or his location listed on their Amazon profile page as Cape Cod, Massachusetts. *See* Exhibit 22.

30. Seller CanadaProd. sold several seal oil products on Amazon.com, including "BEC Seal Oil Omega-3" and "Bill Seal Oil Omega-3" seal oil capsules to American buyers. *See* Exhibit 23.

31.  The photos for the product "Bill Seal Oil Omega-3" which is sold by CandaProd., clearly state that it is illegal for the product to be shipped to the United States. *See* Exhibit 24.

32. Amazon user "David T. Lee" left a review on September 16, 2015 for a seal oil capsule verified purchase fulfilled by CanadaProd. The user's profile page has their location listed as Orlando, Florida. *See* Exhibit 25.

33. On the "Questions and Answers" section of a product listing fulfilled by Canadaprod., when asked on November 20, 2014, "I'd like to make sure it can be shipped to California, USA?", CanadaProd. replied "Yes." and when asked on September 18, 2014, "CAN I BE SHIPPED TO USA," CanadaProd. replied "yes." *See* Exhibit 26.

34. Maplelife Nutrition sold seal oil capsules, "Harp Seal Oil (1000mg) Golden - 180 softgels," to American buyers. *See* Exhibit 27.

35. Amazon user "Smart Buyer" left a review on October 30, 2018 for a verified purchase of seal oil capsules fulfilled by Maplelife Nutrition. The user's profile page has their location listed as Massachusetts. *See* Exhibit 28.

36. For many of these products, they are offered as FBA.  As of the date of the filing of this Complaint, FBA seal oil is for sale within this Judicial District, and available for delivery to Montgomery County, Maryland, within one business day.  Upon information and belief, this means that the FBA products, including the seal oil, are present in the Amazon.com warehouse located in Baltimore, Maryland, as it would not be possible to deliver the product in the specified time period otherwise. *See* Exhibit 29-30.

13

**Marine Mammal Protection Act, Lacey Act, and Endangered Species Act Violations**

37. All species of seals are protected by the Marine Mammal Protection Act.

38. Seal oil capsules are illegal to import, transport, and/or sell to the United States under the Marine Mammal Protection Act. 16 U.S.C. § 1372(a)(2)(B); 16 U.S.C. § 1372(a)(4)(B).

39. According to federal regulations and the requirements of the Marine Mammal Protection Act, importers of seal oil capsules need a permit for scientific research from the Department of the Interior, U.S. Fish and Wildlife Service, Form 3-200-3, which has an application fee of $150. 50 C.F.R. §18.31; 50 C.F.R. §17.32; 50 C.F.R. §18.27.

40. Seal oil capsules are illegal to transport in the United States, including for interstate commerce, and it is illegal to falsely label seal oil capsule packaging in order to smuggle it into the United States according to the Lacey Act and U.S. Fish and Wildlife Service regulations. 16 U.S.C. § 3372(a); 16 U.S.C. § 3372(d)(1); 16 U.S.C. § 3372(d)(2). 50 C.F.R. §14.81.

41. Several species of seals are listed as either threatened or endangered in the Endangered Species Act. Threatened seals under the act include several species of ringed seals as well as bearded seals, spotted seals, and Guadalupe fur seals.[6] Endangered species of seals under the Act include one species of the ringed seal, Saimaa seals, Mediterranean monk seals, and Hawaiian monk seals.[7]

---

[6] *ECOS Environmental Conservation System Online: Listed Animals*, U.S. FISH AND WILDLIFE SERVICE, *available at* https://ecos.fws.gov/ecp0/reports/ad-hoc-species-report?kingdom=V&kingdom=I&status=E&status=T&status=EmE&status=EmT&status=EXPE&status=EXPN&status=SAE&status=SAT&mapstatus=3&fcrithab=on&fstatus=on&fspecrule=on&finvpop=on&fgroup=on&header=Listed+Animals.

[7] *ECOS Environmental Conservation System Online: Listed Animals,* U.S. FISH AND WILDLIFE SERVICE, *available at* https://ecos.fws.gov/ecp0/reports/ad-hoc-species-report?kingdom=V&kingdom=I&status=E&status=T&status=EmE&status=EmT&status=EXPE&status=EXPN&status=SAE&status=SAT&mapstatus=3&fcrithab=on&fstatus=on&fspecrule=on&finvpop=on&fgroup=on&header=Listed+Animals.

42. Defendants capsules may be sourced from threatened or endangered species of seals. Bearded and ringed seals are both threatened species which are hunted in Canada for seal-based products, such as the seal oil capsules that Defendants are selling.[8]

43. It is illegal to import threatened wildlife without a permit, fail to declare importation of threatened wildlife, fail to file the required reports needed for importing, import threatened wildlife, and to sell threatened wildlife according to the Endangered Species Act and U.S. Fish and Wildlife Service Regulations. 19 U.S.C. §1538(d)(1)(A); 19 U.S.C. §1538(d)(2)(A); 19 U.S.C. 19 U.S.C. §1538(d)(2)(C); 16 U.S.C. § 1538(a)(1)(A); 16 U.S.C. § 1538(a)(1)(F). 50 C.F.R. § 17.31(a); 50 C.F.R. §17.21(b); 50 C.F.R. § 14.91(2).

44. According to federal regulations and the requirements of the Lacey Act and the Endangered Species Act, seal oil capsule importers must fill out a Declaration for Importation or Exportation of Fish or Wildlife, Form 3-177, an Import and Interstate Foreign and Commerce permit application, Form 3-200-37, which has a fee of $100, and an Import and Export License for Foreign Entities, Form 3-200-3b, which has a fee of $100. 50 C.F.R. §13.11; 50 C.F.R. §14.93.

45. The required permits and application fees according to the applicable statutes for the importation of seal oil capsules to the U.S. is $350.

46. As a matter of law, Defendants could not have filed the required Fish and Wildlife Service application forms and paid the appropriate application fees needed for the importation, transportation, research, and/or sale of wildlife, given that is illegal to sell

---

[8] *Identify a Species*, DEPARTMENT OF FISHERIES AND OCEANS CANADA, *available at* http://www.dfo-mpo.gc.ca/fm-gp/seal-phoque/species-especes/index-eng.html.

seal oil capsules in the United States and thus, such a request not be granted. 50 C.F.R. §14.61

47. The importation of wildlife also requires that the importer pay a range of inspection and port fees, which vary depending on the location of the port, the official status of the port, as well as the time that the package must be inspected (for example, before and after work hours requests result in a costlier inspection). 50 C.F.R. §14.94.

48. The fees for seal oil import inspections ranges from $93 to $145 depending on the location and designation of the port. Overtime inspection fees would cost $53 total, $53 per hour, or $70 per hour, depending on the circumstances. 50 C.F.R. §14.94.

49. All importation of seal oil capsules *must* first be cleared with a Customs officer. 50 C.F.R. §14.52.

50. As a matter of law, Defendants could not have first cleared their seal oil imports with Customs officer, as they would have seized the products to prevent an illegal sale transaction from occurring.

51. As a matter of law, at minimum, Defendants have avoided obligations to the U.S. because they could not have paid the U.S. Government $443 in required permit, application, and inspection fees, given that it is illegal to sell seal oil capsules in the United States.

<u>**Food, Drug, and Cosmetic Act Violations**</u>

52. Seal oil capsules are considered an adulterated food because they have neither (1) been present in the food supply nor (2) have seal oil capsule sellers provided the Secretary with information regarding the safety of seal oils prior to the introduction into U.S. Commerce (given they are illegal to import and sell in the United States under several statutes and their sale would thus not be approved). 21 U.S.C. § 350b(a).

53. Defendants, as previously discussed, as a matter of law, must be shipping and selling mislabeled packages to American buyers, given that it is illegal to seal oil capsules in the U.S. Misbranding food, the sale of misbranded and adulterated food, failing to properly identify imported food, failing to register as a commercial importer of food, and failing to identify imported health supplements violate the Food, Drug, and Cosmetic Act and several federal regulations. 21 U.S.C. § 331(a); 21 U.S.C. § 343(a)(1); 21 U.S.C. § 381(a); 21 U.S.C. § 381(m)(1); 21 U.S.C. § 381(s); 21 U.S.C. § 331(ee); 21 U.S.C. § 381(d)(3)(A)(i)(III); 21 C.F.R. §101.18(a); 21 C.F.R. §190.6.

54. Defendants have all sold "Bill Seal Oil" capsule products on Amazon.com; these listings include a product photo that makes several health claims about the benefits of seal oil capsules. These assertions include health claims about the benefits of seal oil capsules for cardiovascular disease, in direct violation of federal regulations. 21 C.F.R. §101.71(a). Moreover, as a matter of law, Defendants could not have, as legally required, alerted the FDA about the health claims made by their products 30 days prior to its marketing, given that the FDA would not allow for the sale of an illegal product in the U.S., thus, Defendants must have violated federal regulations. 21 C.F.R. §101.93(1).

### Customs Laws Violations

55. Illegally transporting, importing, and selling seal oil capsules, a controlled substance, to and in the United States violates several customs laws.

56. As a matter of law, Defendants failed to declare their seal oil shipments to the United States, given that properly labeled and declared packages would have never reached American buyers, as Customs officers are authorized to seize, destroy, and/or export

illegal and unregistered articles. 19 C.F.R. §162.21. 21 U.S.C. § 381(a); 21 U.S.C. § 381(l).

57. As a matter of law, Defendants must have illegally failed to declare imports, falsely labeled imports, imported and smuggled falsely labeled goods, sold goods entered by false statements, given that Customs officers would have prevented them from being transported to customers since they are illegal to sell in the United States. 19 U.S.C. § 1497; 18 U.S.C. §541; 18 U.S.C.§ 542; 18 U.S.C. § 545(a); 18 U.S.C. § 545(b); 19 U.S.C. § 1484(a)(1)(A); 19 U.S.C. § 1484(a)(1)(B); 19 U.S.C. § 1436(a)(4).

58. As a matter of law, Defendants must have falsely labeled their goods, since the sale of seal oil capsules in the U.S. is illegal, thus defrauding the government by depriving it of the application and inspection fees required by the aforementioned statutes, which amount to at least $443 pursuant to 19U.S.C.§ 1592(a)(1).

59. Defendants, as a matter of law, must have facilitated these illegal transactions and through their shipments, aided in unlawful importation in violation of 19 U.S.C. 1595a(a).

## **False Claims Act Violations**

60. During the course of business, as a matter of law, Defendants must have submitted false and fraudulent claims to the United States by falsifying customs declarations, using false records to submit false and fraudulent claims to the United States to avoid obligations to pay required application permit fees and inspection fees to the United States, avoiding obligations of permit and inspection fees owed to the United States, and conspiring to violate the False Claims Act by knowingly submitting falsified documents to U.S.

Customs officers in violation of 31 U.S.C. § 3729(a)(1)(A); 31 U.S.C. § 3729(a)(1)(B); 31 U.S.C. § 3729(a)(1)(G); 31 U.S.C. §3729(a)(1)(C).

*__False Claims Act:__*

## COUNT 1

### VIOLATIONS OF 31 U.S.C. § 3729(a)(1)(B)
### (Causing to Be Made or Used False Records to Submit False or Fraudulent Claims to the United States or to Avoid Obligations)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 31 U.S.C. § 3729(a)(1)(B), as a matter of law, Defendants must have knowingly made or used false records to submit false or fraudulent claims to avoid obligations to the Government. In violation of 31 U.S.C. § 3729(a)(1)(B), as a matter of law, Defendants must have knowingly made, used or caused to be made or used, the false records and statements described above to avoid obligations of payment owed to the Government, with knowledge they were false and/or with deliberate ignorance of their truth or falsity, and/or with reckless disregard for their truth or falsity.

3. As a matter of law, Defendants must have avoided obligations to the U.S. Government by shipping seal oil to American buyers through fraudulent means, false certifications and by making or using false records, given that Customs officers would have seized the illegal products if they had been properly identified. By the false statements, false records, false certifications and fraudulent conduct described herein, Defendants must have knowingly made, or caused to be made, false and fraudulent claims to avoid paying federal funds of $443. Defendants, and each of them, must have knowingly made or caused to be made false and fraudulent statements, and/or created false records, to avoid paying permit and inspection fees to the Department of the Interior, U.S. Fish and

Wildlife Service, as required by statute for the transportation, importation, and sale of wildlife in the United States.

4. The amount of damages to the United States would include the total sum owed in permit and inspection fees that the Defendant could not have paid based on false claims and statements.

5. As a direct and proximate result of Defendants' fraudulent and/or illegal actions and pattern of fraudulent conduct, the United States has not received funds that it would have otherwise.

6. Defendants must have engaged in fraud in the inducement such that the United States was damaged in the entire amount of the permit and application fees not paid by the Defendants.

7. Damages to the United States include, but are not limited to, three times the full value of all such fraudulent claims.

8. Each such fraudulent claim is also subject to a civil fine under the False Claims Act of five thousand five hundred to eleven thousand dollars ($5,500 – $11,000).

9. Defendants are jointly and severally liable for all damages.

10. Because of Defendants' violations of 31 U.S.C. § 3729, *et seq.,* the United States has suffered damages in an amount to be determined at trial.

## COUNT 2

### VIOLATIONS OF 31 U.S.C. § 3729(a)(1)(G)
### (Avoiding an Obligation Owed to the United States)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2.  Defendants shipment of seal oil capsules to America involved several mandatory fees for
    inspection and permits, amounting to at least $443, which, as a matter of law, they could
    not have paid for.

3.  The Defendants knew that with each shipment, the government suffered a loss in that
    amount.

4.  In violation of 31 U.S.C. § 3729(a)(1)(G), as a matter of law, the Defendants must have
    knowingly concealed and avoided an obligation to pay the required permit and
    inspections fees for their seal oil shipments to Americans. The Defendants thereby must
    have purposely and improperly avoided an obligation it owed to the United States of
    America. In carrying out these wrongful acts, Defendant as a matter of law, must have
    engaged in a protracted and continuing course and pattern of fraudulent conduct that
    deceived the United States into believing it was not owed this money.

### COUNT 3

#### VIOLATIONS OF 31 U.S.C. §3729(a)(1)(C)
#### (Conspiracy to Violate the False Claims Act)

1.  The allegations contained in the above paragraphs are hereby realleged as set forth fully
    above.

2.  Defendants conspired with each other to commit the violations of 31 U.S.C. § 3729(a)(1)
    (A), (B), and (G) described above.

3.  As described throughout this Complaint, all Defendants knew about the scheme to
    defraud the United States by making false records, statements and certifications in
    violation of 31 U.S.C. § 3729(a)(1)(A), (B), and (G). By participating in this scheme,
    Defendants implicitly agreed to form a conspiracy to violate 31 U.S.C. § 3729(a)(1)(A),
    (B), (D) and (G).

21

4. Each of the Defendants must have committed one or more overt acts in furtherance of the conspiracy to violate 31 U.S.C. §3729(a)(1)(A), (B), and (G), including but not limited to each time they made false records, false statements, and/or false certifications to conceal from the United States the Defendants' fraudulent scheme and false claims, and each time false claims were submitted or caused to be submitted to the United States.

5. Sellers conspired with Amazon.com, Inc. to and did ship seal oil capsules to American buyers by fraudulent means in violation of the False Claims Act, 31 U.S.C. §3729(a)(1)(C).

6. Defendants knowingly conspired with each other to make, or caused to be made, false and fraudulent claims to avoid paying federal funds. Defendants, and each of them, knowingly conspired to make or caused to be made false and fraudulent statements, and/or created false records, to avoid paying obligations to the U.S. Government through fraudulent means and to get a false and fraudulent claim to avoid paying such obligations.

7. Unaware of the Defendants' conspiracy or the false and fraudulent nature of the bids and technical proposals, the United States – in reliance on the claims and certifications submitted therewith – did not properly fine Defendants for the required permits and inspections. The amount of damages would include the total sum owed in permit and inspection fees, of at least $443.

8. Defendants engaged in fraud in the inducement such that the United States was damaged in the entire amount owed in permit and inspection fees by Defendants.

9. Damages to the United States include, but are not limited to, three times the full value of all such fraudulent claims.

10. Each such fraudulent claim is also subject to a civil fine under the False Claims Act of

five thousand five hundred to eleven thousand dollars ($5,500 – $11,000).

11. Defendants are jointly and severally liable for all damages.

12. Because of Defendants' violations of 31 U.S.C. § 3729, *et seq.,* the United States has suffered damages in an amount to be determined at trial.

*Marine Mammal Protection Act:*

## COUNT 4

### VIOLATIONS OF 16 U.S.C. § 1372(a)(2)(B)
### (Illegal Importation of Marine Mammals)

1.  The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2.  In violation of 16 U.S.C. § 1372(a)(2)(B), as a matter of law, Defendants must have utilized ports, harbors, or other places in the jurisdiction of the United States to import marine mammal products, specifically, seal oil capsules.

3.  16 U.S.C. § 1375 describes the penalties for violations of 16 U.S.C. § 1372(a)(2)(B). Defendants may be assessed per violation with a civil penalty of not more than $10,000 per violation. Each unlawful taking or importation is considered a separate offense.

4.  If criminally convicted, 16 U.S.C. § 1375 decrees that Defendants may be fined not more than $20,000 per violation and/or may be imprisoned for not more than a year.

## COUNT 5

### VIOLATIONS OF 16 U.S.C. § 1372(a)(4)
### (Illegal Transportation and Sale of Marine Mammals)

1.  The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2.  In violation of 16 U.S.C. § 1372(a)(4), Defendants have transported, sold, and offered to sell marine mammal product in violation of 16 U.S.C. § 1372, for purposes other than

public display, scientific research, enhancing the survival of a species, or stock as provided under 16 U.S.C. § 1374(c).

3. 16 U.S.C. § 1375 describes the penalties for violations of 16 U.S.C. § 1372(a)(4). Defendants may be assessed per violation with a civil penalty of not more than $10,000 per violation. Each unlawful taking or importation *shall* be considered a separate offense.

4. If criminally convicted, 16 U.S.C. § 1375 decrees that Defendants may be fined not more than $20,000 per violation and/or may be imprisoned for not more than a year.

*Lacey Act:*

## COUNT 6

### VIOLATIONS OF 16 U.S.C. § 3372(a)(1)
### (Importing, Transporting, Selling Wildlife in Violation of Federal Law)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 16 U.S.C. § 3372(a)(1), Defendants imported, transported, sold wildlife transported and sold in violation of U.S. law in the United States.

3. 16 U.S.C. § 3373(d)(3)(A)(i) describes the penalties for violations of 16 U.S.C. § 3372(a)(1). Defendants *shall* be fined under title 18 and/or imprisoned for not more than 5 years.

## COUNT 7

### VIOLATIONS OF 16 U.S.C. § 3372(a)(2)
### (Importing, Transporting, Selling Wildlife in Violation of any State Law)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 16 U.S.C. § 3372(a)(2), Defendants imported, transported, sold wildlife transported and sold in interstate commerce wildlife transported and sold in violation of laws and regulations of several states, including Maryland.

    a. For example, the importation, transportation, or sale of the products set forth in this complaint are in violation of MD Code, Natural Resources Article, Section 10-2a-01 *et seq*, the MD Nongame and Endangered Species Conservation Act.

3. 16 U.S.C. § 3373(d)(3)(A)(i) describes the penalties for violations of 16 U.S.C. § 3372(a)(2). Defendants *shall* be fined under title 18 and/or imprisoned for not more than 5 years.

## COUNT 8

### VIOLATIONS OF 16 U.S.C. § 3372(b)
### (Falsely Labeling Imported and Transported Wildlife)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 16 U.S.C. § 3372(b), Defendants imported and transported in interstate commerce containers and packages containing wildlife that as matter of law, could not have been previously plainly marked, labeled, or tagged in accordance with the regulations issued pursuant to 16 U.S.C. § 3376(a).

3. 16 U.S.C. § 3373(d)(3)(A)(i) describes the penalties for violations of 16 U.S.C. § 3372(b). Defendants *shall* be fined under title 18 and/or imprisoned for not more than 5 years.

## COUNT 9

### VIOLATIONS OF 16 U.S.C. § 3372(d)(1)
### (Falsely Labeling Imported and Transported Wildlife)

4. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

5. In violation of 16 U.S.C. § 3372(d)(1), as a matter of law, Defendants must have submitted false records, accounts, labels, or any false identification of wildlife which has been or is intended to be imported, transported, sold, purchased from any foreign country.

6. 16 U.S.C. § 3373(d)(3)(A)(i) describes the penalties for violations of 16 U.S.C. § 3372(d)(1). Defendants *shall* be fined under title 18 and/or imprisoned for not more than 5 years.

## COUNT 10

### VIOLATIONS OF 16 U.S.C. § 3372(d)(2)
### (Illegally Transporting Wildlife in Interstate Commerce)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 16 U.S.C. § 3372(d)(1), as a matter of law, Defendants must have submitted false records, accounts, labels, or any false identification of wildlife which has been or is intended to be transported in interstate or foreign commerce.

3. 16 U.S.C. § 3373(d)(3)(A)(i) describes the penalties for violations of 16 U.S.C. § 3372(d)(2). Defendants *shall* be fined under title 18 and/or imprisoned for not more than 5 years.

***Endangered Species Act:***

## COUNT 11

### VIOLATIONS OF 19 U.S.C. §1538(d)(1)(A)
### (Illegal to Import Wildlife Without a Permit)

1.  The allegations contained in the above paragraphs are hereby re-alleged as set forth fully
    above.

2.  In violation of 19 U.S.C. §1538(d)(1)(A), Defendants, without first obtaining the
    permission of the Secretary, engaged in business as importers of wildlife.

3.  16 U.S.C. § 1540(a)(1) describes the penalties for violations of 19 U.S.C.
    §1538(d)(1)(A). Defendants *shall* be fined not more than $25,000 per violation for civil
    violations. For criminal violations, Defendants *shall* be fined not more than $50,000
    and/or imprisoned for not more than six months.

## COUNT 12

### VIOLATIONS OF 19 U.S.C. §1538(d)(2)(A)
### (Failure to Keep Records and/or Failure to Declare Importation)

1.  The allegations contained in the above paragraphs are hereby realleged as set forth fully
    above.

2.  In violation of 19 U.S.C. §1538(d)(2)(A), as a matter of law, Defendants must have failed
    to keep records as will fully and to correctly disclose each importation of wildlife made
    by them and the subsequent disposition made by them with respect to such wildlife.

3.  16 U.S.C. § 1540(a)(1) describes the penalties for violations of 19 U.S.C.
    §1538(d)(2)(A). Defendants *shall* be fined not more than $12,000 per violation for civil
    violations. For criminal violations, Defendants *shall* be fined not more than $25,000
    and/or imprisoned for not more than six months.

## COUNT 13

### VIOLATIONS OF 19 U.S.C. §1538(d)(2)(C)
### (Failure to File Required Reports)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 19 U.S.C. §1538(d)(2)(C), as a matter of law, Defendants must have failed to file such reports as the Secretary may require.

3. 16 U.S.C. § 1540(a)(1) describes the penalties for violations of 19 U.S.C. §1538(d)(2)(C). Defendants *shall* be fined not more than $12,000 per violation for civil violations. For criminal violations, Defendants *shall* be fined not more than $25,000 and/or imprisoned for not more than six months.

## COUNT 14

### VIOLATIONS OF 16 U.S.C. § 1538(a)(1)(A)
### (Illegal Importation of Wildlife)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 16 U.S.C. § 1538(a)(1)(A), Defendants unlawfully imported threatened wildlife into the United States.

3. 16 U.S.C. § 1540(a)(1) describes the penalties for violations of 19 U.S.C. §1538(a)(1)(A). Defendants *shall* be fined not more than $25,000 per violation for civil violations. For criminal violations, Defendants *shall* be fined not more than $50,000 and/or imprisoned for not more than six months.

## COUNT 15

### VIOLATIONS OF 16 U.S.C. § 1538(a)(1)(F)
### (Illegally Sale of Wildlife in Interstate Commerce)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 16 U.S.C. § 1538(a)(1)(F), Defendants unlawfully sold or offered to sell threatened wildlife in interstate or foreign commerce.

3. 16 U.S.C. § 1540(a)(1) describes the penalties for violations of 19 U.S.C. §1538(a)(1)(F). Defendants *shall* be fined not more than $25,000 per violation for civil violations. For criminal violations, Defendants *shall* be fined not more than $50,000 and/or imprisoned for not more than six months.

### *U.S. Fish and Wildlife Service Regulations:*

## COUNT 16

### VIOLATIONS OF 50 C.F.R. §14.81
### (Required to Mark Containers Involved in Transportation, Importation, and Sale of Wildlife)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 50 C.F.R. §14.81, as a matter of law, Defendants could not have imported, transported in interstate commerce containers and packages containing wildlife without including an accurate and legible list of its contents by species scientific name and the number of each species and whether or not the species are venomous to accompany the shipment.

## COUNT 17

### VIOLATIONS OF 50 C.F.R. §17.21(b) AND 50 C.F.R. §17.31(a)
### (Illegal to Import Threatened Wildlife)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

**2.** In violation of 50 C.F.R. §17.21(b) and 50 C.F.R. §17.31(a), Defendants may have imported threatened wildlife**.**

## COUNT 18

### VIOLATIONS OF 50 C.F.R. §14.52
### (Clearance of Imported Wildlife)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 50 C.F.R. §14.52(a), as a matter of law, Defendants could not have received clearance from a Wildlife Service officer prior to importation to the United States.

## COUNT 19

### VIOLATIONS OF 50 C.F.R. §14.61
### (Requirement to Submit Wildlife Declaration Form for Wildlife Imports)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 50 C.F.R. §14.61, as a matter of law, Defendants could not have, as required as importers, nor could their agents have filed with the Service a completed Declaration for Importation or Exportation of Wildlife (Form 3-177), signed by the importer or their agent, upon the importation of wildlife at the place where Service clearance under 50 C.F.R § 14.52 is requested. As a matter of law, Defendants could not

have furnished all applicable information requested on the Form 3-177, nor could

Defendant, nor could Defendant's agent, have certified that the information furnished

was true and complete to the best of his or her knowledge.

### *Food, Drug, and Cosmetic Act:*

## COUNT 20

### VIOLATIONS OF 21 U.S.C. § 331(a)
### (Introduction into Interstate Commerce of Adulterated or Misbranded Food)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 21 U.S.C. § 331(a), Defendants introduced or delivered for introduction into interstate commerce food that was adulterated or misbranded.

3. As described by 21 U.S.C. § 343(a)(1), Defendant's seal oil capsule shipments were misbranded because their labeling was false and misleading since, as a matter of law, it could not have been properly labeled and declared as seal oil capsules.

4. As described by 21 C.F.R. §101.18(a), the seal oil capsules were misbranded because the labels on the packages, as a matter of law, must have included false or misleading representations that the product was another food, drug, device, or cosmetic, that could be legally imported into the U.S.

5. As described by 21 U.S.C. § 350b(a), Defendant's seal oil capsules were adulterated because they contained new dietary ingredients which (1) have not previously been present in the food supply as an article of food in a form in which food has not been chemically altered and (2) there is no history of use or other evidence of safety establishing that the dietary ingredient when used under the conditions recommended or suggested in the labeling of the dietary supplement would reasonably be safe, nor as a

31

matter of law, could Defendants, at least 75 days before introducing or delivering for introduction seal oil capsules into interstate commerce, have provided the Secretary with information which was the basis on which the manufacturer of distributor has concluded that a dietary supplement containing such dietary ingredients will reasonably be expected to be safe.

6. 21 U.S.C. § 333(a)(1) describes the penalties for first time violations of 21 U.S.C. § 331(a). Defendants *shall* be imprisoned for not more than one year or fined not more than $1,000.

### COUNT 21

### VIOLATIONS OF 21 U.S.C. 381(a)
### (Importation of Food Without Proper Certification)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 21 U.S.C. § 381(a), seal oil capsules were not refused admission for as must be true as a matter of law, failing to comply with certification requirements identifying the article and proving its safety.

3. 21 U.S.C. 381(c) states that any charges concerning refused articles (including travel, per diem or subsistence, and salaries of officers or employees of the United States) in connection with the destruction of seal oil capsules and the supervision of the relabeling or other action authorized under 21 U.S.C. § 381(b), the amount of such expenses to be determined in accordance with regulations, and all expenses in connection with the storage, cartage, or labor with respect to any article refused admission under 21 U.S.C. § 381(a), shall be paid by the owner or consignee and, in default of such payment, shall constitute a lien against any future importations made by such owner or consignee.

## COUNT 22

### VIOLATIONS OF 21 U.S.C. § 381(d)(3)(A)(i)(III)
### (Missing Certificate of Analysis Identifying Article)

1. The allegations contained in the above paragraphs are hereby realleged as set forth fully above.

2. In violation of 21 U.S.C. § 381(d)(3)(A)(i)(III), as a matter of law, Defendants must have failed to include certificates of analysis with their dietary supplement that were necessary to identify the article.

## COUNT 23

### VIOLATIONS OF 21 U.S.C. § 381(m)(1)
### (Failure to Provide Prior Notice of Food Importation)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 21 U.S.C. § 381(m)(1), as a matter law, Defendants could not have given prior notice to the Secretary, for the purposes of inspection at ports, that provided information including the identification of the article itself, the manufacturer and shipper of the article; and if known within the specified period of time that notice was required to be provided, the grower of the article; the country from which the article originates; the country from which the article is shipped; any country to which the article has been refused entry; and the anticipated port of entry for the article.

## COUNT 24

### VIOLATIONS OF 21 U.S.C. § 331(ee)
### (Importing Food in violation of 381(m))

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 21 U.S.C. § 331(ee), Defendants imported or offered to import into the United States an article of food in violation of 21 U.S.C. § 381(m).

3. 21 U.S.C. § 333(a)(1) describes the penalties for first time violations of 21 U.S.C. § 331(ee). Defendants *shall* be imprisoned for not more than one year or fined not more than $1,000.

### *Food, Drug, and Cosmetic Act Regulations:*

## COUNT 25

### VIOLATIONS OF 21 C.F.R. §190.6
### (Notice Submission Requirement of New Food to FDA Prior to Sale of Item)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 21 C.F.R. §190.6, as a matter of law, Defendants could not have, as required, provide a submission to the Office of Nutritional Products, Labeling and Dietary Supplements (HFS-820), Center for Food Safety and Applied Nutrition, Food and Drug Administration including various pieces of information including the basis by which the Defendants found that use of the product can reasonably be expected to be safe.

## COUNT 26

### VIOLATIONS OF 21 C.F.R. §101.71(a)
### (Health Supplements Cannot Make Claims about Benefits to Cardiovascular Disease)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 21 C.F.R. §101.71(a), Defendants, for a food in conventional form or dietary supplement of vitamins, minerals, herbs, or other similar substances, made an unauthorized claim about the benefits of seal oil capsules for cardiovascular disease.

### COUNT 27

### VIOLATIONS OF 21 C.F.R. §101.93(1)
**(Health Supplement's Health Benefit Claims Must be Submitted to FDA Prior to Sale)**

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 21 C.F.R. §101.93(1), as a matter of law, Defendants could not have, no later than 30 days after the first marketing of a dietary supplement that bears one of the statements listed in section 403(r)(6) of the Federal Food, Drug, and Cosmetic Act, as required, notified the Office of Nutritional Products, Labeling and Dietary Supplements (HFS-810), Center for Food Safety and Applied Nutrition, Food and Drug Administration that it included such a statement on the label or in the labeling of its product along with various information regarding the product.

3. Section 403(r)(6) of the Federal Food, Drug, and Cosmetic Act covered statements include claims about benefits related to a classical nutrient deficiency disease which discloses the prevalence of such disease in the United States, describes the role of a nutrient or dietary ingredient intended to affect the structure or function in humans, characterizes the documented mechanism by which a nutrient or dietary ingredient acts to maintain such structure or function, or describes general well-being from consumption of a nutrient or dietary ingredient.

***Customs Laws:***

## COUNT 28

### VIOLATIONS OF 18 U.S.C. § 541
### (Importing Falsely Labeled Goods)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 18 U.S.C. §541, as a matter of law, Defendants must have imported goods upon a false classification as to quality and value of the goods and with a payment less than the amount of duty legally owed (given the products were not properly inspected and payment for that inspection was not proffered) or are guilty of any willful act or omission whereby the United States shall or may be deprived of any lawful duties accruing upon merchandise embraced or referred to in such invoice, declaration, affidavit, letter, paper, or statement, or affected by such act or omission.

3. For violations of 18 U.S.C. § 541, Defendants *shall* be fined under Title 18, or imprisoned not more than two years, or both.

## COUNT 29

### VIOLATIONS OF 18 U.S.C. § 542
### (Entering Falsely Labeled Imports into U.S. Commerce)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 18 U.S.C.§ 542, as a matter of law, Defendants must have imported goods by fraudulent means or fraudulent invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance, or made any false statement in any declaration without reasonable

cause to believe the truth of such statement, or procured the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, whether or not the United States shall have or may have been deprived of any lawful duties.

3. For violations of 18 U.S.C. § 542, Defendants *shall* be fined for each offense under this title or imprisoned not more than two years, or both. Nothing in the section *shall* be construed to relieve imported merchandise from forfeiture under other provisions of law

## COUNT 30

### VIOLATIONS OF 18 U.S.C. § 545(a)
### (Smuggling Falsely Labeled and Documented Goods)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 18 U.S.C. § 545(a), as a matter of law, Defendants must have knowingly and willfully, with intent to defraud the United States, smuggled, or clandestinely introduced or attempted to smuggle or clandestinely introduce into the United States any merchandise which should have been invoiced, or made out or passed, or attempted to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; or fraudulently or knowingly imported or brought into the United States, any merchandise contrary to law, or received, concealed, bought, sold, or in any manner facilitated the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law.

3. For violations of 18 U.S.C. § 545(a), Defendants *shall* be fined under this title or imprisoned not more than 20 years, or both. Moreover, merchandise introduced into the

United States in violation of 18 U.S.C. § 545, or the value thereof, to be recovered from any person described in the first or second paragraph of 18 U.S.C. § 545, *shall* be forfeited to the United States.

## COUNT 31

### VIOLATIONS OF 18 U.S.C. § 545(b)
### (Importing, Selling, and Transporting Illegal Goods)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 18 U.S.C. § 545(b), as a matter of law, Defendants must have knowingly and willfully, with intent to defraud the United States, smuggled, or clandestinely introduced or attempted to smuggle or clandestinely introduce into the United States any merchandise which should have been invoiced, or made out or passes, or attempted to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; or fraudulently or knowingly imported or brought into the United States, any merchandise contrary to law, or received, concealed, bought, sold, or in any manner facilitated the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law.

3. For violations of 18 U.S.C. § 545(b), Defendants *shall* be fined under this title or imprisoned not more than 20 years, or both. Moreover, merchandise introduced into the United States in violation of 18 U.S.C. § 545, or the value thereof, to be recovered from any person described in the first or second paragraph of 18 U.S.C. § 545, *shall* be forfeited to the United States.

## COUNT 32

### VIOLATIONS OF 19 U.S.C. § 1484(a)(1)(A)
### (Required Submission of Information to Customs Officers)

1.  The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2.  In violation of 19 U.S.C. § 1484(a)(1)(A), as a matter of law, Defendants, as importers of record, must have failed to make entry therefor by filing with Customs and Border Protection such documentation or, pursuant to an authorized electronic data interchange system, such information as was necessary to enable Customs and Border Protection to determine whether the merchandise may have been released from custody of Customs and Border Protection.

3.  19 U.S.C. § 1497 states the penalties for violations of 19 U.S.C. § 1484(a)(1)(A). Any such merchandise is subject to forfeiture and since seal oil capsules are a controlled substance, Defendants would be fined either $500 or an amount equal to 1,000 percent of the value of the article, whichever amount is greater.

## COUNT 33

### VIOLATIONS OF 19 U.S.C. § 1484(a)(1)(B)
### (Providing Information to Customs Officers Needed to Properly Document Import)

1.  The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2.  In violation of 19 U.S.C. § 1484(a)(1)(B), as a matter of law, Defendants must have, as importers of record, failed to complete the entry, or substituted 1 or more reconfigured entries on an import activity summary statement, by fraudulently filing with Customs and Border Protection the declared value, classification and rate of duty applicable to the

merchandise, and such other documentation or, pursuant to an electronic data interchange system, such other information as was necessary to enable Customs and Border Protection to— (i) properly assess duties on the merchandise, (ii) collect accurate statistics with respect to the merchandise, and (iii) determine whether any other applicable requirement of law (other than a requirement relating to release from CBP custody) was met.

3.  19 U.S.C. § 1497 states the penalties for violations of 19 U.S.C. § 1484(a)(1)(B). Any such merchandise is subject to forfeiture and as a controlled substance, the importation of seal oil capsules would result in either a $500 fine or Defendants would be fined an amount equal to 1,000 percent of the value of the article, whichever amount is greater.

### COUNT 34

**VIOLATIONS OF 19 U.S.C. § 1592(a)(1)(A)(i)**
**(Enter or Attempt to Enter Merchandise into Commerce by Fraud, Negligence, or Gross Negligence and Material and False Statements)**

1.  The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2.  In violation of 19 U.S.C. § 1592(a)(1)(A)(i), Defendants have or may have deprived the U.S. of all or a portion of any lawful duty, tax, or fee, by fraud, gross negligence, or negligence by entering, introducing, or attempting to enter or introduce any merchandise into the commerce of the United States by means of any document or electronically transmitted data or information, written or oral statement, or act which was material and false.

3.  19 U.S.C. § 1592(c) describes the penalties for violations of 19 U.S.C. § 1592(a)(1)(A)(i). A fraudulent violation is punishable by a civil penalty in an amount not

to exceed the domestic value of the merchandise. A grossly negligent violation is punishable by a civil penalty in an amount not to exceed the lesser of the domestic value of the merchandise, or four times the lawful duties, taxes, and fees of which the United States is or may be deprived, or if the violation did not affect the assessment of duties, 40 percent of the dutiable value of the merchandise. A negligent violation is punishable by a civil penalty in an amount not to exceed the lesser of the domestic value of the merchandise, or two times the lawful duties, taxes, and fees of which the United States is or may be deprived, or if the violation did not affect the assessment of duties, 20 percent of the dutiable value of the merchandise.

4. 19 U.S.C. § 1592(d) describes other penalties for violations of 19 U.S.C. § 1592(a)(1)(A)(i). Notwithstanding section 1514 of Title 19, if the United States has been deprived of lawful duties, taxes, or fees as a result of a violation of 19 U.S.C. § 1592(a)(1)(A)(i), Customs and Border Protection *shall* require that such lawful duties, taxes, and fees be restored, whether or not a monetary penalty is assessed.

## COUNT 35

### VIOLATIONS OF 19 U.S.C. § 1592(a)(1)(A)(ii)
### (Enter or Attempt to Enter Merchandise into Commerce by Fraud, Negligence, or Gross Negligence and Material Omissions)

1. The allegations contained in the above paragraphs are hereby re-alleged as set forth fully above.

2. In violation of 19 U.S.C. § 1592(a)(1)(A)(ii), Defendants have or may have deprived the U.S. of all or a portion of any lawful duty, tax, or fee, by fraud, gross negligence, or negligence by entering, introducing, or attempting to enter or introduce any merchandise into the commerce of the United States by means of any omission which was material.

3.  19 U.S.C. § 1592(c) describes the penalties for violations of 19 U.S.C. §

1592(a)(1)(A)(ii). A fraudulent violation is punishable by a civil penalty in an amount not

to exceed the domestic value of the merchandise. A grossly negligent violation is

punishable by a civil penalty in an amount not to exceed the lesser of the domestic value

of the merchandise, or four times the lawful duties, taxes, and fees of which the United

States is or may be deprived, or if the violation did not affect the assessment of duties, 40

percent of the dutiable value of the merchandise. A negligent violation is punishable by a

civil penalty in an amount not to exceed the lesser of the domestic value of the

merchandise, or two times the lawful duties, taxes, and fees of which the United States is

or may be deprived, or if the violation did not affect the assessment of duties, 20 percent

of the dutiable value of the merchandise.

4.  19 U.S.C. § 1592(d) describes other penalties for violations of 19 U.S.C. §

1592(a)(1)(A)(ii). Notwithstanding section 1514 of Title 19, if the United States has been

deprived of lawful duties, taxes, or fees as a result of a violation of 19 U.S.C. §

1592(a)(1)(A)(ii), Customs and Border Protection *shall* require that such lawful duties,

taxes, and fees be restored, whether or not a monetary penalty is assessed.

## COUNT 36

### VIOLATIONS OF 19 U.S.C. § 1592(a)(1)(B)
### (Aiding and Abetting in Unlawful Deprivation of Duty, Tax, or Fee by Fraud or Negligence)

1.  The allegations contained in the above paragraphs are hereby re-alleged as set forth fully

above.

2.  In violation of 19 U.S.C. § 1592(a)(1)(B), Defendants have or may have deprived the U.S. of all or a portion of any lawful duty, tax, or fee, by fraud, gross negligence, or negligence by aiding or abetting any other person to violate 19 U.S.C. § 1592(a)(1)(A).

3.  19 U.S.C. § 1592(c) describes the penalties for violations of 19 U.S.C. § 1592(a)(1)(B). A fraudulent violation is punishable by a civil penalty in an amount not to exceed the domestic value of the merchandise. A grossly negligent violation is punishable by a civil penalty in an amount not to exceed the lesser of the domestic value of the merchandise, or four times the lawful duties, taxes, and fees of which the United States is or may be deprived, or if the violation did not affect the assessment of duties, 40 percent of the dutiable value of the merchandise. A negligent violation is punishable by a civil penalty in an amount not to exceed the lesser of the domestic value of the merchandise, or two times the lawful duties, taxes, and fees of which the United States is or may be deprived, or if the violation did not affect the assessment of duties, 20 percent of the dutiable value of the merchandise.

4.  19 U.S.C. § 1592(d) describes other penalties for violations of 19 U.S.C. § 1592(a)(1)(B). Notwithstanding section 1514 of Title 19, if the United States has been deprived of lawful duties, taxes, or fees as a result of a violation of 19 U.S.C. § 1592(a)(1)(B), Customs and Border Protection *shall* require that such lawful duties, taxes, and fees be restored, whether or not a monetary penalty is assessed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Relator, on behalf of herself and the United States, requests:

1.  A permanent injunction requiring Defendant to cease and desist from violating the federal False Claims Act.

2.  That the Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States has sustained because of Defendants' actions, including but not limited to the full value of all economic benefits obtained by Defendants through their illegal conduct, plus a civil penalty of between $5,500 and $11,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990, for each violation of 31 U.S.C. § 3729.

3.  That Plaintiff-Relator be awarded an amount that the Court decides is reasonable for collecting the civil penalty and damages, which shall be at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim if the United States intervenes, and not less than 25 percent nor more than 30 percent of the proceeds of the action or settlement of the claim if the United States does not intervene;

4.  That Plaintiff-Relator be awarded all costs and expenses incurred, including reasonable attorneys' fees, with interest, including expert witness fees.

5.  That Plaintiff-Relator and the United States be awarded pre-judgment interest on all monies awarded.

6.  That Plaintiff-Relator be awarded an amount that the Court decides is reasonable, which shall be not less than 15% nor more than 30% of the proceeds awarded to the United States from any alternate remedies under the False Claims Act, 31 U.S.C. § 3729(a)(1), 3730(c)(5), (d), including but not limited to proceeds from any related administrative, criminal, or civil actions, and the monetary value of any equitable relief, fines, restitution, or disgorgement to the United States and/or third parties.

7.  That Plaintiff-Relator be granted all other relief provided for in the False Claims Act not specifically referenced above; and

44

8. That all appropriate equitable be awarded.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff-Relator hereby

demands a jury trial.

Respectfully submitted,

David P. Weber
Bar No. 07225
Email: david.weber@goodwinweberlaw.com

/s/ Richard J. Link
Richard J. Link
Bar No. 24465
Email: richard.link@goodwinweberlaw.com

GOODWIN WEBER PLLC
267 Kentlands Blvd. #250
Gaithersburg, MD 20878
Phone: 301-850-7600
Fax: 301-850-3374

/s/ Stephen M. Kohn
Stephen M. Kohn
DC Bar No. 411513
Email: sk@kkc.com
*Pro Hac Vice Application to be Filed*

KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, D.C.  20007
Phone: 202-342-6980
Fax: 202-342-6984

Attorneys for Plaintiff-Relator

March 18, 2018